IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 09-117-LPS |
| | ) | |
| SEAN DAVID WOODSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

On November 21, 2011 and January 3, 2012, Defendant filed a total of five motions with the Court: (1) a Motion to Dismiss on Speedy Trial Grounds, (2) a Motion for Release Pending Appeal, (3) a Motion Requesting Docket Sheet, (4) a Motion Requesting a Copy of Order of Detention Pending Trial, (5) a Motion for Reconsideration. (D.I. 170, 171, 172, 173, 181) The Government filed an opposition to Defendant's Motion to Dismiss on Speedy Trial Grounds and to the Motion for Release Pending Appeal. (D.I. 174) The Government does not oppose Defendant's request for a docket sheet and a copy of the Order of Detention Pending Trial. (*Id.*) The Court will deny all of Defendant's Motions with the exception of his request for copies of the Order of Detention Pending Trial and a docket sheet.

### I. Background

On February 17, 2011, a federal grand jury returned a one-count superseding indictment against Sean David Woodson ("Defendant") on a charge of possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (D.I. 18) Defendant had originally been indicted on the same charge on December 10, 2009. (D.I. 2)

On January 13, 2010, Defendant was ordered detained pending trial by United States Magistrate Judge Mary Pat Thynge. (D.I. 14) "After consulting with counsel, Defendant did not oppose the government's motion for detention, but reserved the right to do so in the future . . . ." (*Id.*)

On August 16, 2010, the Court granted Defendant's Motion to Terminate Counsel and Represent himself *pro se*. (D.I. 40) Defendant proceeded *pro se* to trial by jury on January 4, 2011 and was found guilty of count I of the superseding indictment. (D.I. 107, 108)

Defendant filed a Motion for a New Trial on January 12, 2011, arguing in part that the Court erred by responding to a jury question without first consulting with counsel. (D.I. 117) The Court subsequently granted Defendant's Motion for a New Trial. (D.I. 157) Defendant also filed a Motion for Judgment of Acquittal on January 21, 2011, which the Court denied on August 5, 2011.[1] (*Id.*)

On August 22, 2011, Defendant filed a Notice of Appeal of the Court's Memorandum Order Denying his Motion for Judgment of Acquittal. (D.I. 161, 165) The Government later filed a Notice of Cross Appeal of the Court's August 5, 2011 Memorandum Order Granting Defendant a new trial. (D.I. 162)

## II. Motion to Dismiss on Speedy Trial Grounds

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), mandates that:

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

---

[1] This case was re-assigned from the Honorable Sue L. Robinson to the undersigned on August 8, 2011.

2

> indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . .

*United States v. Carrasquillo*, 667 F.2d 382, 383-84 (3d Cir. 1981). Subsection 3161(h) permits periods of delay to be excluded when computing the time within which a trial must be commenced. *Id.* One such type of delay is time "resulting from other proceedings concerning the defendant, including but not limited to . . . (C) delay resulting from any interlocutory appeal . . . ." 18 U.S.C. § 3161(h). "Dismissal of an indictment is mandatory when the section 3161(c) time limits, ***as extended by section 3161(h)***, are not met." *Carrasquillo*, 667 F.2d at 384 (emphasis added).

Defendant contends that the "[seventy] day trial commencement period under 18 U.S.C. [§] 3161(e) triggered by the order granting defendant a new trial was exhausted on or about October 14, 2011 and requires that this Court dismiss the superseding indictment." (D.I. 170) To the contrary, any delay following Defendant's filing of his Notice of Interlocutory Appeal on August 5, 2011 is excluded from Speedy Trial calculations pursuant to § 3161(h). Accordingly, Defendant's Motion to Dismiss the indictment on the basis of a Speedy Trial Act violation is denied.

### III. Motion for Release Pending Appeal

Defendant moves for his release pending appeal under 18 U.S.C. § 3143(b)(B)(i) & (ii). (D.I. 171) A defendant found ***guilty and sentenced*** for an offense may be released pending appeal by demonstrating by clear and convincing evidence that he or she (1) "is not likely to flee or pose a danger to the safety of any other person or the community if released" as mandated under 18 U.S.C. §§ 3142(b) or (c); and (2) "the appeal is not for the purpose of delay and raises a

substantial question of law or fact likely to result in" some relief for the defendant, such as reversal or order for a new trial. *See* 18 U.S.C. § 3143(b). As the Government correctly points out, Defendant has not been found guilty of an offense, nor has Defendant been sentenced. (D.I. 174) Thus, Section 3143(b) is inapplicable.

Nonetheless, Defendant did reserve, at the time of his detention hearing, his right to revisit the issue of detention pending trial. (D.I. 14) At present and unless and until Defendant or the Government prevail on their appeal, Defendant is awaiting a new trial.[2] For these reasons, the Court held a detention hearing on January 3, 2012.

Title 18 U.S.C. § 3142(e) requires that "if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." Hence, the Court must detain Defendant if it finds that either: (1) there is clear and convincing evidence that no combination of conditions will ensure the safety of the community if he is released; or (2) the preponderance of the evidence demonstrates that no combination of conditions will ensure the appearance of Defendant as required.

Based on the evidence presented to the Court by the United States Probation Office, including the April 1, 2011 draft Pre-Sentence Report (considered solely for the purpose of listing Defendant's criminal history), the Government's proffer at the detention hearing, and Defendant's presentation at the detention hearing, the Court finds by clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community

---

[2]Likewise, Section 3143(a) is inapplicable, as Defendant is not presently awaiting sentencing.

4

between now and the time of Defendant's trial. The Court further finds that no combination of conditions could reasonably assure that Defendant would appear for all Court events in this matter. The factors the Court considered in reaching these conclusions were explained further at the detention hearing and are also described below.

1. **Nature and Circumstances of the Offense**

The charges emanate from a search of Defendant's vehicle conducted on October 8, 2009 by a Delaware State Probation Officer. (D.I. 35 at 3) As a result of a burglary conviction, Defendant had been sentenced in February 2009 to a term of probation by the Superior Court of Delaware in and for Sussex County. (*Id.* at 4) Defendant was subjected to the following mandatory condition of probation: "YOU ARE SUBJECT TO ARREST AND TO A SEARCH OF YOUR LIVING QUARTERS, PERSON OR VEHICLE WITHOUT A WARRANT AT ANY TIME BY A PROBATION/PAROLE OFFICER." (*Id.* at 2 (emphasis in original); D.I. 34 at 6)

Based on an outstanding warrant in Maryland for burglary and theft charges, Defendant was taken into custody at his probation appointment. (D.I. 34 at 9) A Delaware State Probation Officer placed Defendant in handcuffs, conducted a pat-down search, removed defendant's personal property, and later determined that there was reasonable suspicion to search Defendant's vehicle. (*Id.* at 10) Inside a locked box found in the trunk of Defendant's vehicle, officers observed a loaded .357 handgun, several baggies of suspected marijuana, a social security card (belonging to defendant), and drug paraphernalia. (*Id.* at 15, 22-23, 28) Defendant was subsequently indicted by a federal grand jury for prohibited possession of the firearm found in his trunk. (D.I. 2, 18)

5

### 2. Weight of the Evidence

The weight of the evidence against Defendant is strong. On December 10, 2009 and February 17, 2010, a federal grand jury in the District of Delaware found probable cause to support the charge against Defendant. (D.I. 2, 18) Moreover, although Defendant has been granted a new trial, it is noteworthy that a jury found Defendant guilty beyond a reasonable doubt.

### 3. History and Characteristics of the Defendant

Among Defendant's 11 adult convictions are two convictions for assault and four burglary convictions. Defendant was on probation at the time of his arrest, and has violated probation at least three times. Defendant has no ties to this community and presented no evidence of familial support. Given his criminal background, Defendant may be subject to a minimum mandatory sentence of 15 years imprisonment, or an advisory Sentencing Guideline Range of 210-262 months, giving him an incentive not to appear at further proceedings.

### 4. Nature and Seriousness of Danger to Community Posed by Defendant's Release

Defendant stands before the Court as an alleged felon in possession of a firearm, has felony convictions spanning across at least half a decade, and has on prior occasions proven himself non-amenable to supervision. Defendant's burglaries and assaults were violent offenses. Defendant would pose a danger to the community if released.

## IV. Motions Requesting Documents

Having considered Defendant's request for certain documents and the Government's lack of opposition, the Court will grant Defendant's request. Accordingly, the Clerk of Court is

6

directed to provide Defendant with one copy of the docket sheet and one copy of United States Magistrate Judge Mary Pat Thynge's Order of Detention Pending Trial.[3]

## V. <u>Motion for Reconsideration</u>

Defendant filed a "Motion to Reconsider Docket Entry Number 60 and 21." (D.I. 181) By his Motion for Reconsideration, Defendant asks the Court to revisit its denials of his Motion to Suppress (D.I. 21) and Motion to Dismiss (D.I. 60). As the Court stated at the status conference held on September 12, 2011, "given the pendency of the cross appeals . . . this Court does not have have jurisdiction . . . . There is, therefore, no schedule in place for [the] filing of any additional pretrial motions or pretrial matters at this time. All of that will have to await the outcome of the two appeals now pending in the Third Circuit." (Tr. at 5) Accordingly, Defendant's Motion for Reconsideration is denied without prejudice.

## VI. <u>Conclusion</u>

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss on Speedy Trial Grounds (D.I. 170) is DENIED.

2. Defendant's Motion for Release Pending Appeal (D.I. 171) is DENIED.

3. Defendant's Motion Requesting Docket Sheet (D.I. 172) is GRANTED.

4. Defendant's Motion Requesting a Copy of Order of Detention Pending Trial (D.I. 173) is GRANTED.

---

[3]Defendant was provided the copies he requested by a Deputy Clerk at the Detention Hearing held on January 3, 2012.

5. Defendant's Motion for Reconsideration (D.I. 181) is DENIED.

Dated: January 9, 2012

_____
UNITED STATES DISTRICT JUDGE