09IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Crim. No. 09-117-LPS |
| SEAN DAVID WOODSON, ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Sean David Woodson ("Defendant") has filed several motions with the Court: (1) a motion to proceed *in forma pauperis* for interlocutory appeal; (2) a notice of withdrawal of appeal dated 2/27/2012; (3) a second motion to dismiss on speedy trial grounds; (4) a motion for appointment of new standby counsel; (5) a motion to correct error; (6) a motion for transcript; (7) a motion for reconsideration (entitled, "Objection and Assertion and Motion for Docket Entry List"); (8) a motion for miscellaneous relief (entitled, "Motion to Dispose of Open Motions, Expediently"); and (9) a motion to dismiss with prejudice for failure to state offense. (D.I. 166, 199, 203, 208, 209, 210, 211, 216, 217)

Defendant's motion for miscellaneous relief (D.I. 216) is GRANTED to the extent it asks the Court to resolve his pending motions and DENIED in all other respects. Defendant's motions for a transcript and a docket sheet (D.I. 210, 211) are GRANTED. All of the other pending motions are DENIED.

## BACKGROUND

On December 10, 2009, a federal grand jury returned a one-count indictment with notice of forfeiture against Defendant on a charge of possession of a firearm after having been convicted

of a crime punishable by imprisonment for a term exceeding one year, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (D.I. 2) On January 13, 2010, Defendant was ordered detained pending trial by United States Magistrate Judge Mary Pat Thynge. (D.I. 14) A superseding one-count indictment was returned on February 17, 2010. (D.I. 18) On August 16, 2010, the Court granted Defendant's Motion to Terminate Counsel and Represent himself *pro se*. (D.I. 40) Defendant proceeded to trial (by jury) *pro se* and was convicted on January 4, 2011. (D.I. 107, 108)

Defendant filed a motion for a new trial on January 12, 2011, arguing in part that the Court erred by responding to a jury question without first consulting with the parties. (D.I. 117) The Court subsequently granted Defendant's motion for a new trial. (D.I. 157) Defendant also filed a motion for judgment of acquittal on January 21, 2011, which the Court denied on August 5, 2011.[1] (*Id.*) On August 22, 2011, Defendant filed a Notice of Appeal of the Court's Memorandum Order Denying his Motion for Judgment of Acquittal. (D.I. 161, 165) The government later filed a Notice of Cross Appeal of the Court's August 5, 2011 Memorandum Order granting Defendant a new trial. (D.I. 162)

On January 9, 2012, this Court denied Defendant's motion to dismiss on speedy trial grounds, motion for release pending appeal, and motion for reconsideration. (D.I. 185) On January 11, 2012, the Court of Appeals for the Third Circuit terminated Defendant's appeal for lack of jurisdiction. (D.I. 186) The government's August 5, 2011 cross appeal remains pending.

---

[1] This case was re-assigned from the Honorable Sue L. Robinson to the undersigned on August 8, 2011.

2

## DISCUSSION

### A. Motions That Are Denied As Moot

The Court will deny as moot the following motions: Defendant's motion to proceed *in forma pauperis* for interlocutory appeal (D.I. 166) and Defendant's notice of withdrawal of appeal dated 2/27/2012 (D.I. 199). At the time Defendant filed these motions, the Court of Appeals had jurisdiction and this Court was without jurisdiction. *United States v. Woodson*, Criminal Action. No. 09-117-LPS, 2012 WL 70658, at *4 (D. Del. Jan. 9, 2012). Thereafter, on January 11, 2012, the Third Circuit dismissed Defendant's appeal, to which his *in forma pauperis* request related. (D.I. 186) The Third Circuit also issued a Notice stating that "no action will be taken on" Defendant's Notice of Withdrawal of Appeal dated 2/27/2012. (D.I. 199) (D.I. 215) Hence, these motions are DENIED AS MOOT.

### B. Motions That Are Denied Without Prejudice

On April 10, 2012, Defendant filed a "Motion for Appointment of New Standby Counsel." (D.I. 208) By this motion, Defendant asks the Court to remove his current standby counsel. (*Id.*)

On June 29, 2012, Defendant filed a Motion to Dismiss the Indictment, which asks the Court to dismiss the pending indictment against him with prejudice because, according to Defendant, it fails to sufficiently state an offense. (D.I. 217 at 2)

The Court has previously explained to Defendant that no case is presently pending in this Court, no scheduling order is in place, and, indeed, the Court lacks jurisdiction to provide him the type of relief he is seeking by his motions:

> [G]iven the pendency of the [] appeal[] . . . this Court does
> not have jurisdiction . . . . There is, therefore, no schedule
> in place for [the] filing of any additional pretrial motions
> or pretrial matters at this time. All of that will have to
> await the outcome of the [] appeal[] now pending in the
> Third Circuit.

(D.I. 184 at 5) Accordingly, Defendant's Motions for New Standby Counsel (D.I. 208) and to Dismiss the Indictment (D.I. 217) are denied without prejudice.

C. **Defendant's Second Motion to Dismiss on Speedy Trial Grounds**

Defendant has filed a Second Motion to Dismiss on Speedy Trial Grounds. Title 18, United States Code, Section 3161(h)(1)(c) provides:

> The following periods of delay shall be excluded in computing the
> time within which an information or indictment must be filed, or in
> computing the time within which the trial of any such offense must
> commence:
>
> (1) Any period of delay resulting from other
> proceedings concerning the defendant, including but
> not limited to . . .
>
> (c) delay resulting from an
> interlocutory appeal . . . .

The government's pending appeal is interlocutory and any delay resulting from it is excluded from Speedy Trial Act calculations. *See United States v. Wilson*, 420 U.S. 332, 337 (1975) ("Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit."); *United States v. Higdon*, 638 F.3d 233 (3d Cir. 2011).

Hence, Defendant's Second Motion to Dismiss on Speedy Trial Grounds is DENIED.

4

D.  **Motions Requesting Documents**

Having considered Defendant's request for documents and the Guidelines for Administering the Criminal Justice Act and Related Statutes,[2] the Court will grant Defendant's request for a copy of a transcript and a copy of a docket sheet. (D.I. 210, 211) The court reporter is directed to provide Defendant with one copy of the transcript of the January 3, 2012 proceeding held before this Court. The Clerk of Court is directed to provide Defendant with a copy of the docket.

E.  **Motions for Reconsideration**

Defendant has filed two documents challenging this Court's previous rulings on matters in this case. (D.I. 209, 211) One document is entitled "Motion to Correct Error," in which Defendant alleges that this Court erred when it considered "a presentence report at a hearing regarding defendant's motion for release pending appeal." (D.I. 209 at ¶ 1) In this motion, "[D]efendant further moves this Court pursuant to 18 U.S.C. §§ 3142 and 3143 (a) and (c) to release him from custody pending appeal . . . ." (*Id.*) The second document is entitled "Objection and Assertion and Motion for Docket Entry List." (D.I. 211) By this motion, "Defendant objects to this Court's order dated April 4, 2012 denying his motion for legal resources." (*Id.* at ¶ 1)

Having reviewed these Motions, which the Court construes to be requests for

---

[2]http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/vol7Part A/vol7PartAChapter3.aspx#320_30 ("§ 310.10.30 Pro Se Representation (a) Persons who are eligible for representation under the CJA, but who have elected to proceed pro se, may, upon request, be authorized to obtain investigative, expert, and other services in accordance with 18 U.S.C. § 3006A(e).") (last visited on 7/3/2012).

reconsideration, Defendant's requests are denied. No new law or facts are cited. The Court, therefore, finds no basis to grant reconsideration.[3]

**F       Motion for Miscellaneous Relief**

On June 15, 2012, Defendant filed a motion asking the Court to dispose of the aforementioned motions. (D.I. 216) For the reasons already stated, neither party should be filing "pretrial" motions in this matter at this time. Nonetheless, Defendant's motion is GRANTED to the extent it seeks rulings on his pending motions and DENIED in all other respects.

**CONCLUSION**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's:

1. Motion to Proceed *In Forma Pauperis* for Interlocutory Appeal (D.I. 166) is DENIED AS MOOT.

2. Notice of Withdrawal of Appeal dated 2/27/2012 (D.I. 199) is DENIED AS MOOT.

3. Second Motion to Dismiss on Speedy Trial Grounds (D.I. 203) is DENIED.

4. Motion for Appointment of New Standby Counsel (D.I. 208) is DENIED WITHOUT PREJUDICE.

5. Motion to Correct (D.I. 209) is DENIED.

6. Motion for Transcript (D.I. 210) is GRANTED.

---

[3] A motion for reconsideration may be granted only if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court rendered its decision, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

6

7. "Objection and Assertion and Motion for Docket Entry List" (D.I. 211) is GRANTED IN PART AND DENIED IN PART.

8. "Motion to Dispose of Open Motions, Expediently" (D.I. 216) is GRANTED IN PART AND DENIED IN PART.

9. Motion to Dismiss the Indictment (D.I. 217) is DENIED WITHOUT PREJUDICE.

Dated: July 3, 2012

_____
UNITED STATES DISTRICT JUDGE