IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Crim. No. 09-117-LPS |
|  | ) |  |
| SEAN DAVID WOODSON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM ORDER

Pending before the Court in this criminal action are multiple pretrial motions filed by the government and Defendant, Sean David Woodson ("Defendant" or "Woodson"). In advance of a pretrial conference to be held this same day, the Court rules on most of the motions, as explained below.

## BACKGROUND

On February 17, 2010, a grand jury returned a one-count Superseding Indictment charging Woodson with being a felon in possession of a firearm on October 8, 2009, in violation of 18 U.S.C. § 924(g)(1) & 924(e). (D.I. 17) On January 4, 2011, following trial, a jury found Woodson guilty. (D.I. 110, 111) Subsequently, Woodson's post-trial motion for a new trial was granted. (D.I. 157)

Both Woodson and the government filed appeals, which were resolved by the Third Circuit on January 11, 2012 and January 28, 2013, respectively. (D.I. 186, 243) On March 14, 2013, the Court held a status conference with the parties and, thereafter, scheduled a jury trial of up to four days to begin on July 22, 2013. (D.I. 283)

On April 2, 2013, a grand jury returned a nine-count Second Superseding Indictment. (D.I. 305) Count I repeats the felon in possession charge of the earlier Superseding Indictment. The additional counts are: obstruction of justice on January 29, 2013 by submitting false documents to this Court, in violation of 18 U.S.C. § 1503 (Count II); obstruction of justice on January 24, 2013 by submitting false documents to a justice repository in Maryland, in violation of 18 U.S.C. § 1503 (Count III); obstruction of justice on November 2, 2012 by submitting false documents to the Baltimore County Police Department, in violation of 18 U.S.C. § 1503 (Count IV); obstruction of justice - witness tampering on December 5, 2010 by corruptly persuading another person with the intent to influence his testimony at the first trial in this matter, in violation of 18 U.S.C. § 1512(b)(2)(A) (Count VI); obstruction of justice - witness tampering on November 5, 2010 by corruptly persuading another person to withhold testimony from the first trial in this matter, in violation of 18 U.S.C. § 1512(b)(2)(A) (Count VII); and, on October 8, 2009, possession of oxycodone, heroin, and marijuana, in violation of 21 U.S.C. § 844(a) (Counts VII, VIII, IX). (Throughout the remainder of this Memorandum Order, the Court sometimes refers to Counts II through VI collectively as the "obstruction counts" and Counts VII through IX collectively as the "drug possession counts.")

On multiple occasions, including following extensive colloquies, Woodson has expressed his desire to exercise his right to represent himself. (*See, e.g.*, D.I. 265; D.I. 306 at 3-11) Woodson has been in custody since October 8, 2009.

## SEVERANCE

During a status conference on June 13, 2013, the Court inquired as to the parties' positions as to whether the forthcoming trial should deal with all nine counts of the Superseding

Indictment or only some subset of these counts. The government took the position that the July trial should involve all nine counts. Woodson appeared to prefer a separate trial, noting it would be "easier to try as it was initially set," but adding he lacked "any valid legal grounds" to request severance. (D.I. 350 at 4) Woodson also suggested he had adequate time to prepare for a July trial on all nine counts, stating "if you are not going to sever it, then I don't have any opposition." (*Id.*)

Pursuant to Federal Rule of Criminal Procedure 14(a), upon a finding that the joinder of offenses in an indictment "appears to prejudice a defendant or the government," "the court may order separate trials of counts . . . or provide any other relief that justice requires."[1] "A claim of improper joinder under Fed. R. Crim. P. 14 must demonstrate clear and substantial prejudice." *United States v. Gorecki*, 813 F.2d 40 (3d. Cir. 1987) (internal quotation marks omitted). The Court may grant severance *sua sponte*. *See, e.g.*, *United States v. De Diego*, 511 F.2d 818, 824 (D.C. 1975) (noting Court's power, in interest of justice, to grant Rule 14 severance *sua sponte*); *United States v. Cianciulli*, 476 F. Supp. 845 (E.D. Pa. 1979) (ordering *sua sponte* severance of trial of multiple defendants, "pursuant to the express and inherent judicially created powers under Fed. R. Crim. P. 14"); *see also United States v. Archie*, 452 F.2d 897, 899 (3d Cir. 1971) (finding no abuse of discretion in failure to sever *sua sponte*).

The Court will exercise its discretion and sever the charges of the Second Superseding Indictment for two separate trials. The trial commencing in July 2013 will be limited to the

---

[1] The Court does not find it necessary to address whether all nine offenses in the Second Superseding Indictment "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan" for purposes of joinder, pursuant to Federal Rule of Criminal Procedure 8(a).

3

felon-in-possession count and the drug possession counts (I, VII, VIII, IX). These four charges all relate to events occurring on October 8, 2009. The charges being severed for a separate trial – the obstruction charges (II, III, IV, V, VI) – all relate to subsequent events, occurring between November 2010 and January 2013.

Because the drug possession counts added to the Second Superseding Indictment all arise from the same events on the same date as the felon-in-possession count, it is appropriate, efficient, and fair to both sides to try these counts together with the original felon-in-possession count. By contrast, to expose the jury that evaluates the evidence relating to the October 2009 events to all of the evidence that would likely be admissible at trial of the obstruction counts – including evidence of witness tampering, evidence that Woodson has been tried before on the felon-in-possession charge, evidence that Woodson is (and has for a while been) detained, evidence that contraband has been recovered during a search of his cell – would risk unfair prejudice, at least to Woodson. The difficulty of ensuring a fair trial seems likely to be heightened by Woodson's *pro se* status.

The Court recognizes that "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Here, under the specific circumstances presented, the Court finds that the appropriate relief is to sever the October 2009 charges from the later-arising obstruction charges. *See id.* at 551 ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts.").

**GOVERNMENT MOTIONS**

For Release of Documents Submitted to the Court *Ex Parte* by Defendant (D.I. 280)

In connection with a hearing on Woodson's release status in January 2012, Woodson submitted to the Court, *ex parte*, two documents he asked the Court to consider. The documents, which are a declaration and a letter from two individuals who had contact with Woodson on October 8, 2009, are relevant to the government's investigation and prosecution of Woodson for the obstruction charges. There is no basis for sealing these documents and depriving the government access to them. The Court is not persuaded by Woodson's contention that the government will use the information contained in the documents to intimidate witnesses. As the documents were voluntarily submitted to the Court by Woodson, despite the Court's warning that the Court might subsequently determine the documents need to be produced to the government (D.I. 280 Ex. A at 19-24), the Court will provide these documents to the government (but keep them sealed for other purposes).

To Preclude Evidence of Sentencing Issues at Trial (D.I. 321)

Woodson will be prohibited from informing the jury, either through his questions to witnesses, his own or other witnesses' testimony, or his argument, the potential sentence he may receive if convicted. The jury has no sentencing function and is required to reach its verdict without regard to what sentence might be imposed. *See Shannon v. United States*, 512 U.S. 573, 579 (1994). Evidence relating to sentencing, thus, is irrelevant and inadmissible.

To Admit Defendant's Prior Convictions (D.I. 322)

The government moves *in limine* to introduce Woodson's prior felony conviction for Burglary Third Degree, as necessary evidence to meet an essential element of the felon-in-

possession charge, proving he was a prohibited person. This portion of the motion is granted.

The government further requests that it be permitted to introduce Woodson's additional prior felony convictions solely for the purpose of impeachment in the event Woodson chooses to exercise his right to testify in his own defense. Woodson's additional convictions were for Assault Second Degree and three counts of First Degree Burglary. All of these convictions are for felony offenses within the past ten years. Under the circumstances, including the crucial role Woodson's credibility will play if he testifies, the probative value of the evidence outweighs its prejudicial effect to Woodson, particularly given that the government will only be permitted to inquire (on the matter of prior convictions) as to whether Woodson was convicted of a felony on a particular date, without inquiring into the specific nature of the prior felony. The Court will also give the jury a limiting instruction to the effect that the jury may only consider Woodson's prior convictions for impeachment purposes. Accordingly, the motion is granted. *See* Fed. R. Evid. 609; *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 (3d Cir. 1982); *United States v. Greenidge*, 495 F.3d 85, 97-98 (3d Cir. 2007).

To Admit Redacted Versions of Documents Relating to Counts II-IV (D.I. 323)

This motion will be denied without prejudice to renew in connection with the separate trial to be held on the obstruction charges.

To Admit Evidence Regarding Defendant's Probationary Status and Incarceration (D.I. 324)

Pursuant to Rule 404(b) of the Federal Rules of Evidence, the government moves *in limine* to introduce evidence of Woodson's probationary status on October 8, 2009, at the time of the searches of his vehicle and his person that give rise to the felon-in-possession and drug possession charges. (D.I. 324) To this extent, the government's motion is granted. The firearm,

heroin, and marijuana found in the safe in the trunk of the vehicle to which Woodson had the keys, as well as the oxycodone found on his person, are direct evidence supporting the government's allegations in Counts I and VII-IX. This evidence is necessary to provide the jury context to understand the crimes being tried, including the events leading to the search of his vehicle. This evidence is offered for a proper purpose under Rule 404(b), is relevant, and has probative value that is not substantially exceeded by any of the concerns of Rule 403. *See United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003). The prejudice to Woodson is reduced because the jury will know that Woodson has a criminal record, given that a felony conviction is an essential element of the felon-in-possession charge. Also limiting the prejudice to Woodson is the government's representations (D.I. 324 at 4) – to which it will be held – that it will not elicit testimony or present evidence as to the specific crime for which Woodson was serving probation or the crime for which he was wanted on an outstanding warrant. *See United States v. Griffin*, 389 F.3d 1100, 1104 (10th Cir. 2004). Additionally, the Court will include in its instructions a version of the limiting instruction proposed by the government (D.I. 324 Ex. A), modified to reflect the fact that the July trial will concern only the felon-in-possession and drug possession charges.

The government's request to admit evidence of Woodson's incarceration is denied without prejudice to renew in connection with the separate trial to be held on the obstruction charges. Pursuant to Rule 403, any probative value of the fact of Woodson's incarceration is substantially outweighed by the risk of unfair prejudice to Woodson at a trial that will be limited to the felon-in-possession and drug possession charges.

# WOODSON'S MOTIONS

<u>To Order Government to Cease Examination and Copying of Defendant's Legal Materials and Return Them to Him and to Cease Examination of Defendant's Outgoing Legal Mail</u> (D.I. 276)

This motion is denied as moot. The government represented in its response that all of Woodson's legal materials had been or would imminently be returned to him. (D.I. 287, 297) The government further represented that his legal materials were not being examined or copied. (*Id.*) The Court has no basis to doubt these representations and, accordingly, concludes that Woodson's motion is moot.

<u>For Clarification</u> (D.I. 290)

This motion will be denied. The maximum penalties to which Defendant would be subject were he to be convicted are set by law, not by Defendant's understanding or belief.

<u>For Reconsideration</u> (D.I. 291)

By this motion, Woodson asks the Court to reconsider its denial of an earlier motion to suppress. (*See* D.I. 254, 255, 256, 277) This motion will be denied as the Court finds no sufficient basis to grant it. *See generally Max's Seafood v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). As the Court has found that the search was not unlawful, there is no basis to suppress any of the evidence Woodson seeks to suppress, nor is there any need for an evidentiary hearing. (*See, e.g.*, D.I. 35 at 7)

<u>For Copies and Extension of Time</u> (D.I. 302)

This motion will be granted to the extent that the Clerk of Court is directed to provide Woodson with copies of the documents he requested (D.I. 85, 182, 249, 255, 268-71) and denied with respect to the request for extension of time. Woodson seeks additional time to respond to

the government's motion for access to documents Woodson provided to the Court *ex parte* in connection with the January 2012 hearing. At the March 2013 hearing, the Court gave Woodson an additional week to file his response to the government's motion, but he failed to do so. The Court has considered the government's motion and, as explained above, has decided to grant it.

To Compel Disclosure of Exculpatory and Impeachment Evidence (D.I. 307)

This motion will be granted to the extent that the government will be required, as in all criminal cases, to comply with its discovery obligations pursuant to *Brady*, *Giglio*, and the associated Federal Rules of Criminal Procedure. The motion will be denied in all other respects.

For Discovery (D.I. 308)

The ruling is the same as for the preceding motion.

For Notice of Evidence Arguably Subject to Suppression (D.I. 309)

The ruling is the same as for the preceding motion.

To Suppress Evidence of Prison Cell Search (D.I. 310)

Woodson seeks to suppress evidence seized during a search of his prison cell, a search initiated and conducted by officials at the Federal Detention Center in Philadelphia, Pennsylvania without any involvement by or request from the U.S. Attorney's Office or the Bureau of Alcohol, Tobacco, Firearms and Explosives. "The Fourth Amendment proscription against unreasonable searches does not apply within the confines of a prison cell," *Crosby v. Piazza*, 465 Fed. Appx. 168, 172 (3d Cir. Mar. 27, 2012), as prisoners do not have a reasonable expectation of privacy, *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Pretrial detainees, like convicted prisoners, lack Fourth Amendment protection from searches of their cells. *See Bell v. Wolfish*, 441 U.S. 520,

9

556-57 (1971). Accordingly, Woodson's motion will be denied.[2]

To Dismiss Counts III-IX and to Strike Surplusage from Indictment (D.I. 314)

Woodson moves to dismiss Counts III through IX of the Second Superseding Indictment. Woodson's challenge to venue in the District of Delaware for Counts III and IV is unavailing, as the plain language of the statute he is charged with violating permits such a charge to be brought "in the district in which the official proceeding . . . was intended to be affected," 18 U.S.C. § 1512(i), which in this case is the District of Delaware. Woodson's challenge to Counts V and VI lack merit as the Second Superseding Indictment satisfies Fed. Rule of Criminal Procedure 7(c)(1)'s requirement that it contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Burris*, 300 Fed. Appx. 145, 148-49 (3d Cir. Oct. 23, 2008). Woodson's challenge to Counts VII, VIII, and IX fails because these simple possession charges do not require the quantity of the controlled substance to be pled; the government does not intend to seek a sentence above any mandatory minimum amount or above the statutory maximum. *See United States v. Corley*, 455 Fed. Appx. 178, 180 (3d Cir. Dec. 27, 2011).

Woodson's request to strike surplusage from the Second Superseding Indictment will be granted. Woodson seeks to strike the reference to § 924(e) in Count I, which provides Woodson with notice of the government's intention to seek a mandatory minimum sentence based on his prior violent felony convictions. Although the government is correct that the jury will not be instructed as to the meaning of the reference to § 924(e), and the Court presumes the jury will

---

[2] Whether the evidence seized from Woodson's cell will be relevant and admissible at the July trial is a matter the Court does not at this time decide.

follow the instruction not to conduct research relating to the case (including looking up § 924(e)), no reason is apparent as to why the reference to § 924(e) must remain in the Second Superseding Indictment. This is particularly so because the jury will be provided with a version of the Second Superseding Indictment containing other redactions, given that the July trial will not involve all of the counts with which Woodson is charged.

To Exclude Irrelevant, Prejudicial, and Other Crimes Evidence (D.I. 338)

This motion is essentially the mirror image of the government's motion to admit (subject to limitations) evidence of Woodson's criminal record. (D.I.322) The Court reaches the same substantive outcome with respect to Woodson's motion as it did with respect to the government's related motion, for the same reasons. Accordingly, Woodson's motion will be denied.

To Preclude Runyon from Testifying (D.I. 339)

In a document entitled "Supplement to Motion in Limine to Exclude Irrelevant, Prejudicial, and Other Crimes Evidence for Second Trial" (D.I. 339), Woodson asks the Court to preclude James Runyon from testifying at the forthcoming trial. Like the government (D.I. 349 at 5), the Court construes the "Supplement" as a motion to preclude testimony. Woodson's motion will be denied without prejudice to renew in connection with the second trial, which will relate to the obstruction charges. The Court anticipates that Runyon's testimony will not be relevant to the government's case-in-chief on the charges that will be the subject of the July trial.

To Exclude Evidence Seized (D.I. 340)

Woodson's request to exclude from evidence the safe found in the trunk of his vehicle, as well as the contents of the safe, will be denied. Woodson's motion is substantively identical to a motion denied prior to the first trial. (*See* D.I. 62, 69, 80) This evidence is obviously probative

11

of the issue of whether Woodson had actual or constructive possession of the firearm and the controlled substances he is charged with possessing and which the government will attempt to prove were retrieved from the safe in the trunk. The considerations of Rule 403 do not substantially outweigh the probative value of this evidence.

For Affirmative Defense Instruction (D.I. 341)

As the obstruction charges will not be the subject of the July trial, the Court will not be instructing the jury on the obstruction charges, nor on any defense to such charges. Accordingly, the Court will deny Woodson's request for a jury instruction on an affirmative defense to such charges without prejudice to Woodson's ability to renew his request in connection with a subsequent trial on the obstruction charges.

To Exclude Evidence of No Contest Plea (D.I. 344)

Count I of the Second Superseding Indictment charges Woodson with being prohibited from possessing a firearm as a result of "having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court in and for Sussex County, Delaware." (D.I. 305) The prior conviction on which Count I is based is Woodson's Third Degree Burglary conviction in the Superior Court in and for Sussex County. Woodson was convicted of this offense as a result of his "no contest" plea. A conviction that results from a "no contest" plea is admissible, even if the fact that the conviction arose from a "no contest" plea may not be admissible. *See* Fed. R. Evid. 410; *United States v. Adedovin*, 369 F.3d 337, 343-44 (3d Cir. 2004) ("[T]here is, however, a clear distinction between pleas of nolo contendere and convictions entered on the basis of such pleas."); *Olsen v. Correiro*, 189 F.3d 52, 58 (1st Cir. 1999) ("The evidentiary rules that exclude evidence of nolo pleas do not directly apply to the

convictions and sentences that result from such pleas."). Accordingly, the government will be permitted to introduce evidence of Defendant's conviction for Third Degree Burglary and the fact that this conviction carried with it a maximum statutory penalty of more than one year of imprisonment. Such evidence is highly probative of an essential element of Count I and its probative value is not substantially outweighed by any of the concerns of Federal Rule of Evidence 403. Woodson's motion will be denied.

<u>To Dismiss Counts II Through VI of the Second Superseding Indictment</u> (D.I. 347)

Woodson's motion will be denied. The Court agrees with the government that Woodson cannot raise a bona fide legal representation defense and that Mr. Runyon will not be precluded from testifying due to "law of the case." (D.I. 349 at 12)

## WOODSON'S *EX PARTE* FILINGS

Woodson has filed numerous documents *ex parte*. (*See* D.I. 303, 315, 318, 332, 333, 335, 336, 348) The Court will conduct a portion of the pretrial conference *ex parte* in order to discuss with Woodson the relief he is seeking by his *ex parte* filings. The Court reminds Woodson that any materials submitted to the Court *ex parte* may ultimately be determined by the Court to be matters that must be shared with the government.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The trial commencing on July 22, 2013 will deal with counts I, VII, VIII, and IX of the Second Superseding Indictment. A subsequent, separate trial will be scheduled to deal with counts II, III, IV, V, and VI.

2. The government's Motion for Release of Documents Submitted to the Court *Ex*

13

*Parte* by Defendant (D.I. 280) is GRANTED. The Court shall unseal the documents marked as Exhibits 2 and 3 at the hearing dated January 3, 2012 for the purpose of providing copies to the government. The documents shall otherwise remain sealed, absent further order of the Court.

3. The government's Motion to Preclude Evidence of Sentencing Issues at Trial (D.I. 321) is GRANTED.

4. The government's Motion to Admit Defendant's Prior Convictions (D.I. 322) is GRANTED. The government may admit evidence of Woodson's Third Degree Burglary conviction from the Superior Court of Delaware in and for Sussex County should Defendant refuse to stipulate to that felony conviction. Moreover, should Woodson testify, the government may question Woodson regarding his prior felony convictions to the limited extent requested by the government in its motion.

5. The government's Motion to Admit Redacted Versions of Documents Relating to Counts II-IV of the Second Superseding Indictment (D.I. 323) is DENIED WITHOUT PREJUDICE.

6. The government's Motion to Admit Evidence Regarding Defendant's Probationary Status and Incarceration (D.I. 324) is GRANTED with respect to Defendant's probationary status and DENIED WITHOUT PREJUDICE with respect to Defendant's incarceration. The government will not be permitted to present evidence of the specific crime for which Woodson was serving probation, nor the crime for which he was wanted.

7. Woodson's Motion for Order to Cease Examination and Copying of Defendant's Legal Materials and Return them to Him and Cease Examination of Defendant's Outgoing Legal Mail (D.I. 276) is DENIED AS MOOT.

8. Woodson's Motion for Clarification (D.I. 290) is DENIED.

9. Woodson's Motion for Reconsideration (D.I. 291) is DENIED.

10. Woodson's Motion for Copy Work and Extension of Time to File Response (D.I. 302) is DENIED.

11. Woodson's Motion to Compel Disclosure of Exculpatory and Impeachment Evidence (D.I. 307), Motion for Discovery (D.I. 308), and Motion for Notice of Evidence Arguably Subject to Suppression (D.I. 309), are GRANTED solely to the extent that the government shall comply with its obligations pursuant to *Brady*, *Giglio*, and the Federal Rules of Criminal Procedure and DENIED in all other respects.

12. Woodson's Motion to Suppress Evidence of Prison Cell Search (D.I. 310) is DENIED.

13. Woodson's Motion to Dismiss Counts III-IX and to Strike Surplusage from Indictment (D.I. 314) is DENIED with respect to the request to dismiss Counts III-IX and GRANTED with respect to the request to strike surplusage.

14. Woodson's Motion to Exclude Irrelevant, Prejudicial and Other Crimes Evidence (D.I. 338) is DENIED.

15. Woodson's motion to preclude Mr. Runyon from testifying (D.I. 339) is DENIED WITHOUT PREJUDICE.

16. Woodson's Motion in Limine to Exclude Evidence Seized, Second Trial (D.I. 340) is DENIED.

17. Woodson's Motion in Limine for Affirmative Defense Instruction (D.I. 341) is DENIED WITHOUT PREJUDICE to renew in connection with the subsequent trial to be held on

the obstruction charges.

18. Woodson's Motion in Limine to Exclude Evidence of No Contest Plea, its Sentence and its Possible Punishability (D.I. 344) is DENIED. The government will be permitted to introduce evidence of Defendant's conviction for Third Degree Burglary and the fact that this conviction carried with it a maximum statutory penalty of more than one year of imprisonment.

19. Woodson's Motion to Dismiss Counts II through VI of the Second Superseding Indictment (D.I. 347) is DENIED.

June 26, 2013

_____
UNITED STATES DISTRICT JUDGE